IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden; Octavius Wilfork; Christopher Powers; Kevin B. Schwartz; Raymond Day; Gerald Smith; Desmond Metcalf; Arthur Taylor; Jacory Foster; Travis Ginyard; Dangelo Jackson; James Kinlock; Kareem Hollis; Maurice Jeffcoat; Marcus Woods; Robert Jones; James Perkins; Thomas L. Wyatt, Jr.; Chris Thornton; Robert Brown; Tookie Brown; Terrance Harley; Angel Pecheco; Jasper Bryant; Leslie C. Hunt, Jr.; Donald Swinton; Robert Smith; Stanley Williams; Walter Varner; Santiago Daniel; Fabian Rodriguez; Terry Moore; Richard Maroney; Junior Ardon; Jose Molina; James B. Weersing; Franklin Loftis; Willie J. Haskett; Joseph Hayes; Eugene Chandler; Curtis Lemon; Demetrius A. Hawkins; Christopher Shippy; Rodney Earle; Michael Childs; Jotham Kimani; Alejandro Perez; Reginald Sampson; Brian K. White; Willie Colvin; James Nichols; Dustin Horwoth; Eric Laney; Justin Barton; Christopher Lee Davis; Nathaniel Frazier, Jr.; Sean Pegg; Kenneth Evans; Rusty Holland; Steven Gunter; Chris Shirley; Chad Plumley; Bruce Williams; Shantone Curry; Chris Kembe; Maurice Smith; Shamel Williams; Jamar Harvey; Jack Wallace; Perry Scott; W. Tyler; Chris Knowlin; Norman Olsen; Joseph Hale; Tim Calvert; Kenneth Ross; Geno Thomas; Aceilo McMorris; Jess Steadman; Zonia M. Jefferson; Richard Hilley; Dexter Tucker; James Drakeford; Mark Kissick; Angelo Ladson; Marvin Garrett; Ajaron Gamble; Johnny M. Vanover; Brian K. Berry; Damon L. Scott; Raymond Austin, | C/A No. 2:13-2290-JMC-BHH |
| Plaintiffs, | **REPORT AND RECOMMENDATION to Dismiss Ninety Co-Plaintiffs** |
| vs. | |
| Marcia Fuller, SCDC Dietician; John and Jane Does, Kershaw Cafeteria Supervisors; Michael L. Fair, Legislative Audit Council, et al.; Boyd H. Parr, Director of Poultry Products and Inspection, *in their individual or personal capacities*, | |
| Defendants. | |

This is a civil rights action purportedly brought by ninety-one (91) prisoners at the Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC"), in Kershaw, South Carolina. Therefore, in the event that a limitations issue arises, Plaintiffs shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court). Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

Plaintiffs allege that the SCDC Defendants have failed to provide adequate nutrition, that Defendant Fair has failed to investigate the SCDC despite repeated requests by Plaintiff McFadden, and that Defendant Parr has failed to respond to Plaintiff McFadden's inquiries. The Fourth Court of Appeals has been receptive to such claims of inadequate nutrition. See Wilson v. Johnson, 385 F. App'x 319, 320 (4th Cir. 2010).

Plaintiff McFadden has brought prior purported class actions in this Court, although not in the role of "lead plaintiff," wherein he alleged inadequate nutrition. There are two other currently pending Kershaw Correctional Institution food cases involving Plaintiff McFadden and these same Defendants; see Roddey, et al. v. Fuller, et al., C/A No. 6:13-884-JMC-KFM (D.S.C.) and Duckett, et al. v. Fuller, et al., C/A No. 6:13-1079-JMC-KFM (D.S.C.). The assigned United States Magistrate Judge in these two cases has recommended that the Co-Plaintiffs in the cases be dismissed and that the lead Plaintiff remain the sole Plaintiff in both cases. A third case, Woods, et al. v. Fuller, et al., C/A No. 6:13-1173-JMC-KFM (D.S.C.), was recently dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b), on July 18, 2013. A fourth case, filed in 2010, McFadden, et al., v. Butler,

2

et al., C/A No. 3:10-3104-JMC-JRM (D.S.C.), was dismissed with prejudice, on March 13, 2012, when Defendants' motion for summary judgment was granted.[1]

The question of whether multiple plaintiffs can proceed in a single case under the Prison Litigation Reform Act ("PLRA") has required the attention of various federal courts. See Burke v. Helman, 208 F.R.D. 246 (C.D. Cal. 2002) (collecting cases).  In Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit held that multiple prisoners may not join in one action or one appeal.

Each Plaintiff's claims are unique to the particular plaintiff.  Each Plaintiff must comply with the exhaustion requirement of the PLRA, 42 U.S.C. § 1997e.  See Woodford v. Ngo, 548 U.S. 81, 85 (2006) (PLRA makes "proper" exhaustion mandatory);and Porter v. Nussle, 534 U.S. 516, 524 (2002) (exhaustion is required in all actionsbrought with respect to prison conditions).  Each Plaintiff may have different amounts of damages (if any).  Moreover, lead Plaintiff McFadden cannot represent the other Co-Plaintiffs.  See Laird v. Tatum, 408 U.S. 1 (1972); Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); cf. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (a pro se prisoner cannot be an advocate for others in a class action).

Each of the ninety (90) Co-Plaintiffs can prepare and file his own civil rights case relating to food and caloric intake.  See Torres v. O'Quinn, 612 F.3d 237, 241 (4th Cir.2010) (the PLRA requires that "indigent prisoners filing lawsuits be held responsible for

---

[1] See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records).

3

the full amount of filing fees," although the fee may be paid in installments); and Hubbard, 262F.3d at 1197-98 (multiple prisoners are not allowed to join together in a single lawsuit).

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Court dismiss without prejudice the ninety (90) Co-Plaintiffs from this case. Bernard McFadden would remain the sole Plaintiff in this case. Plaintiffs' attention is directed to the important Notice on the next page.

September 24, 2013                                          s/Bruce Howe Hendricks
Charleston, South Carolina                               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).