IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden, | ) C/A No. 2:13-2290-JMC-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **Partial Summary Dismissal** |
| Marcia Fuller, SCDC Dietician; John and Jane Does, Kershaw Cafeteria Supervisors; Michael L. Fair, Legislative Audit Council, et al.; Boyd H. Parr, Director of Poultry Products and Inspection, *in their individual or personal capacities*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Bernard McFadden ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action against Defendants, seeking compensatory, nominal, and punitive damages and declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983,[1] for alleged violations of his Eighth Amendment rights. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint is subject to partial summary dismissal, without prejudice and without issuance and service of process, as to Defendants Michael L. Fair and Boyd H. Parr, and as to Plaintiff's claims for declaratory and injunctive relief against Defendants Fuller, and John and Jane Does, in their individual capacities.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal

construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

This case was filed as a civil rights action, purportedly brought by ninety-one (91) prisoners at the Kershaw Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC"), in Kershaw, South Carolina, with Plaintiff in the role of "lead plaintiff." By Order of United States District Judge J. Michelle Childs dated November 22, 2013 (ECF No. 30), the Plaintiffs' claims in the original case were severed into ninety-one (91) separate actions. The Office of the Clerk of Court was directed to maintain this case as the "Lead Case" brought by Plaintiff McFadden. The assigned United States Magistrate Judge was authorized to issue orders pursuant to the Court's Local Rules and General Order issued in In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), in conducting an initial review of this case and the ninety (90) other cases, in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

Plaintiff alleges that the SCDC Defendants, Marcia Fuller, John and Jane Doe, have knowingly and wilfully failed to provide adequate nutrients and vitamins in meals served to Plaintiff, subjecting Plaintiff to imminent danger of serious physical injuries. Plaintiff alleges that Defendant Fair has failed to investigate the SCDC despite repeated

3

requests by Plaintiff, and that Defendant Parr has failed to respond to Plaintiff's inquiries and complaints that SCDC menus falsely list beef dishes which are actually comprised of poultry products (offal).  See Complaint, ECF NO. 1, p. 3-4.

## DISCUSSION

Plaintiff's factual allegations concerning Defendant Fair are as follows:

> Michael L. Fair has been previously forwarded letters from Plaintiff Bernard McFadden regarding SCDC falsely publishing beef dishes (meat) in its menus made from the product identified in Attachment A [i.e. mechanically separated chicken], but Defendant Fair provided no reasonable assistance in examining SCDC financial records to determine whether money provided to SCDC to provide meat products for Plaintiff's diet is used to buy daily recommended meat products, contributing to health problems.

Complaint, ECF No. 1, p. 4.  State officials, such as Defendant Fair, are considered "persons" within the meaning of § 1983 when sued in their individual capacities and may be held personally liable for damages under § 1983 for their official actions, unless they have immunity from suit because they are carrying out legislative or judicial functions, or establish the defense of qualified immunity.  See Hafer v. Melo, 502 U.S. 21, 31 (1991).  In the instant case, Plaintiff's claims against Defendant Fair are barred by Defendant Fair's absolute legislative immunity.  See Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998) (legislators at all levels of government are entitled to immunity for "legislative activities"); Tenney v. Brandhove, 341 U.S. 367 (1951); and Haskell v. Washington Township, 864 F.2d 1266, 1277 (6th Cir. 1988) ("legislators of any political subdivision of a state are absolutely immune from liability under 42 U.S.C. § 1983 insofar as they are acting in a legislative capacity").  See also Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 403 (1979) (legislative immunity extends to "regional" legislatures); and Rabkin v. Dean, 856 F. Supp. 543, 546 (N.D. Cal. 1994).  The Court may take judicial

notice that the Legislative Audit Council, of which Defendant Fair is an ex-officio member of the board by virtue of his chairmanship of the Senate Finance Committee, is authorized only to perform performance audits, not financial audits, of state agencies and their programs. Citizens cannot directly request an audit. Audits are authorized by specific statutory provision, and may also be requested by five or more members of the General Assembly, or by the President Pro Tempore of the Senate or the Speaker of the House. See S.C. Code Ann § 2-15-10, et seq., see also http://lac.sc.gov (last visited Nov. 25, 2013). Here, Plaintiff's allegations of Defendant Fair's actions or inactions, in responding to Plaintiff's requests to examine SCDC's financial records, plainly involve Defendant Fair's legislative activities. Thus, Plaintiff's claims for damages, declaratory, and injunctive relief against Defendant Fair are barred by Defendant Fair's absolute legislative immunity. See Assa'Ad-Faltas v. City of Columbia, C/A No. 3:10-3014-TLW-JRM, 2010 WL 6549845 (D.S.C. Dec. 10, 2010) accepted by, objection overruled by, dismissed without prejudice by 2011 WL 1546849 (D.S.C., Apr. 22, 2011).

Plaintiff's allegations against Defendant Parr are as follows:

Defendant Boyd H. Parr has been previously forwarded several written letters from Plaintiff Bernard McFadden regarding SCDC constant use of bloody, smelly organ type poultry (offal) identified in the attached label (see Attachment A.) [i.e. mechanically separated chicken], but Defendant Parr provided no reasonable assistance in inspection, as well as information on the effect this product may have on an individual after long term use; Plaintiff[] allege[s] Defendant Parr has been previously forwarded several written letters from Plaintiff Bernard McFadden regarding SCDC falsely publishing this poultry product (offal) as beef dishes in menus (See Attachment B), but provided no response regarding this constant use.

Complaint, ECF No. 1, p. 4. However, Defendant Parr, as director of Clemson University's Livestock-Poultry Health, which includes the S.C. Meat and Poultry Inspection Department,

has no legal responsibility for the alleged falsification on SCDC/Kershaw CI menus of beef dishes, which Plaintiff contends actually contain poultry products (offal) and/or mechanically separated chicken. The Court may take judicial notice that Defendant Parr and the S.C. Meat and Poultry Inspection Department have no legal responsibility, under meat and poultry inspection laws and regulations, for regulating the content of the menus published by SCDC or Kershaw CI. See S.C. Code Ann. §§ 47-4-10, et seq., 47-17-10, et seq., 47-19-10, et seq., and 47-22-10, et seq., see also http://www.clemson.edu/public/lph/scmpid (last visited Nov. 25, 2013). Defendant Parr's agency oversees only the inspection and labeling of poultry products by manufacturers, renderers, and brokers. Plaintiff's Complaint makes no allegation that the mechanically separated chicken meat which is allegedly used by SCDC and Kershaw CI is mislabeled or uninspected. Plaintiff complains that SCDC and Kershaw CI falsely publish menus on which such poultry products are represented to be beef dishes. Defendant Parr has no legal authority to monitor or control the preparation and serving of food by SCDC and Kershaw CI. Thus, Plaintiff's claims for damages, declaratory, and injunctive relief against Defendant Parr fail to state a claim for which relief may be granted by this Court.

In this case, Plaintiff's Complaint specifies that Defendants are being sued "in their individual or personal capacities." Complaint, ECF No. 1, p. 1. As public officials, Defendants are subject to suit for damages in their individual capacities in a § 1983 lawsuit. See Hafer v. Melo, 502 U.S. 21, 31 (1991); Goodmon v. Rockefeller, 947 F.2d 1186, 1187 (4th Cir. 1991) (Because a suit against an official in his individual capacity does not seek payment from the state treasury, but from the personal funds of the individual, and therefore is not a suit against the state or the state office that the individual occupies, the

individual is not protected by the holding of Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989) (citing Pontarelli v. Stone, 930 F.2d 104, 113 n. 17 (1st Cir. 1991)). However, Defendants are not subject to suit under § 1983 for injunctive or declaratory relief, in their individual capacities. See Brown v. Montoya, 662 F.3d 1152, 1161 n. 5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." (citing Hafer, 502 U.S. at 30)); Greenawalt v. Ind. Dep't of Corr., 397 F.3d 587, 589 (7th Cir. 2005) (Noting that while the defense of official immunity is applicable only to liability for damages, section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity.); Jones v. Buckner, 2013 U.S. Dist. LEXIS 112456 (N.D. Ala. Aug. 9, 2013); Daniels v. City of N. Charleston, C/A No. 2:12-319-DCN-BM, 2012 WL 3877710 (D.S.C. Aug. 9, 2012) affirmed by, adopted by, motion granted by, in part, motion denied by, in part, claim dismissed by 2012 WL 3880078 (D.S.C., Sept. 6, 2012); Golub v. Goodes, No. 09-380, 2010 WL 3702614 at * 3 (S.D.Ind. Sept. 10, 2010) ("[A] claim for injunctive relief cannot be brought against government employees in their individual capacities . . . because it is only in their official capacities that injunctive relief can be granted."). Therefore, Plaintiff's claims for declaratory and injunctive relief "that SCDC feeding (offal) in the place of beef and extremely small portions or no fruit and vegetables violates the 8th Amendment," and "ordering a gradual change to the daily recommended foods that are balanced and nutritious," Complaint, ECF No. 1, p. 9, should be summarily dismissed, without prejudice. See Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) ("Complaint must contain facts which state a claim [against a named defendant] as a matter of law . . . .).

**RECOMMENDATION**

Based on the foregoing, it is recommended that the District Court summarily dismiss, without prejudice, Defendants Michael L. Fair and Boyd H. Parr, from this case, and that Plaintiff's Complaint be served only upon Defendants Marcia Fuller, and John and Jane Does. It is further recommended that Plaintiff's claims against Defendants Fuller and John and Jane Does, insofar as Plaintiff seeks declaratory and injunctive relief against them in their individual capacities, be summarily dismissed, without prejudice. Thus, the only remaining claims in this case shall be Plaintiff's claims for monetary damages against Defendants Fuller and John and Jane Does, in their individual capacities.

Plaintiff's attention is directed to the important Notice on the next page.

December 13, 2013                                s/Bruce Howe Hendricks
Charleston, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).