UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden, | ) C/A No. 5:13-2290-JMC-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Marcia Fuller, SCDC Dietician; | ) |
| John and Jane Does, Kershaw Cafeteria Supervisors; | ) |
| Michael L. Fair, Legislative Audit Council, *et al.*, and | ) |
| Boyd H. Parr, Director of Poultry Products and Inspection, *in their official capacities and in their individual or personal capacities*, | ) |
| | ) |
| Defendants. | ) |

_____

Plaintiff, Bernard McFadden ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, brought this civil rights action against Defendants, seeking compensatory, nominal, and punitive damages, as well as declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983, for alleged violations of his Eighth Amendment rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court.

On December 31, 2013, Plaintiff filed a "Declaration and Amended Complaint for Preliminary Injunction" in this case. ECF No. 41. The Motion has been construed as both a Motion to Amend the Complaint, which the undersigned has granted by separate order, and as a Motion for Preliminary Injunction, which this Report and Recommendation addresses. After careful review, the undersigned finds that Plaintiff's Motion for Preliminary Injunction should be denied.

## **DISCUSSION**

Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). Usually, preliminary injunctions "aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending." *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013). In seeking such an injunction, "[a] plaintiff [] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On the other hand, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Therefore, courts apply the exacting preliminary injunction standard in an "even more searching" manner when considering requests for mandatory preliminary injunctions than for the more common prohibitory preliminary injunctions. *Pashby*, 709 F.3d at 319. Accordingly, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003), *abrogated on other grounds by eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). A request for a mandatory preliminary injunction should only be granted "when the exigencies of the situation demand such relief." *Wetzel*, 635 F.2d at 286.

Prison officials are afforded a great deal of deference in making policy decisions related to prison life. *See Joe v. Ozmint*, No. 08-cv-0585, 2008 WL 5076858, at *3 (D.S.C. Nov. 21, 2008). Generally, a court will grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The burden is on the plaintiff to "clearly demonstrate that the public interest is served by granting him injunctive relief, and that granting such relief would impose no great hardship upon the officials or the prison system as a whole." *Joe*, 2008 WL 5076858, at *4.

Plaintiff seeks an injunctive order generally requiring Defendants to provide him with a nutritionally adequate diet. He alleges that "irreparable harm exists regarding health problems such as excessive hair loss, loss of teeth or dental fillings, itching rough skin, heart attacks, and strokes, from excessive use of chicken waste (offal) or processed meats." Mot. 1, ECF No. 41; *see also* Compl. 3, ECF No. 1. The undersigned is of the opinion that Plaintiff has not demonstrated "irreparable harm in a deteriorating circumstance created by the defendant," *see In re Microsoft Antitrust Litig.*, 333 F.3d. at 526, such that it would be appropriate that the court grant a mandatory injunction at this time. Nor has Plaintiff demonstrated that, in the absence of the injunctive relief he seeks, the court's ability to enter any appropriate relief on the merits would be compromised. *See id*.

A prisoner has the right to "be provided nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (citations omitted). Although the Eighth Amendment requires prisons to provide inmates with wholesome and nutritious meals, an inmate must allege a serious injury arising from the provision of inadequate food to state

3

an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *White v. Gregory*, 1 F.3d 267, 268 (4th Cir. 1993) (concluding that plaintiff failed to state a claim because he failed to allege "serious or significant physical or mental injury" from being served only two meals a day on holidays and weekends).

Plaintiff fails to allege in his Motion that he personally has suffered any actual, specific physical or mental injury, nor has he demonstrated a substantial risk of such serious harm or the likelihood of a deteriorating circumstance resulting from exposure to the challenged conditions. *See De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003); *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). Plaintiff also fails to specifically identify any other inmates who have been harmed by Kershaw Correctional Institution's ("KCI") allegedly inadequate diets. Plaintiff's Motion merely restates, in conclusory fashion, the allegations contained in his Complaint, and adds that Defendants are being sued in their official capacities as well as in their individual capacities.[1] Plaintiff has not shown the exceptional, compelling circumstances that would justify the court's substituting its judgment for that of the prison officials at this juncture.

Similarly lacking is a clear showing as to any claims against Defendants Fuller or the John Doe/Jane Doe Defendants. Further, Plaintiff has not made any showing that preliminary injunctive relief is appropriate as to his claims against Defendants Fair or Parr.[2] Plaintiff submits that

---

[1] The vacated R&R in this case recommended partial summary dismissal of Plaintiff's Complaint to the extent that it sought injunctive relief against Defendants, only in their individual capacities. As state officials, Defendants are not subject to suit under § 1983 for injunctive or declaratory relief in their individual capacities.

[2] Contemporaneously with this R&R, the undersigned files another R&R recommending summary dismissal of claims against Defendants Fair and Parr.

4

Defendant Fair failed to investigate the South Carolina Department of Corrections ("SCDC") despite repeated requests by Plaintiff, and that Defendant Parr failed to respond to Plaintiff's inquiries and complaints regarding the inspection of food used by SCDC and SCDC's menus, which are alleged to falsely list dishes comprised of "poultry products (offal) as beef dishes[.]" Compl. 3, *see id.* at 3-4; ECF No. 1.  The Legislative Audit Council, of which Defendant Fair is an ex-officio member by virtue of his chairmanship of the Senate Finance Committee, is authorized only to perform performance audits, not financial audits, of state agencies and their programs.  Citizens cannot directly request an audit.  Audits are authorized by specific statutory provision, and may also be requested by five or more members of the General Assembly, or by the President Pro Tempore of the Senate or the Speaker of the House. *See* S.C. Code Ann. §§ 2-15-10 through -120; *see also* http://lac.sc.gov/GoverningBoard.aspx (last visited Feb. 11, 2014).  Defendant Parr and the South Carolina Meat and Poultry Inspection Department of which he is chair have no legal responsibility under meat and poultry inspection laws and regulation for regulating the content of the menus published by SCDC or KCI. *See* S.C. Code Ann. §§ 47-4-10 through -170, 47-17-10 through -150, 47-19-10 through -180, and 47-22-10 through -80; *see also* http://www.clemson.edu/public/lph/scmpid (last visited Feb. 11, 2014). Defendant Parr's agency oversees only the inspection and labeling of poultry products by manufacturers, renderers, and brokers; Defendant Parr has no legal authority to monitor or control the preparation and serving of food by SCDC and KCI.

Finally, in Plaintiff's Motion, he alleges that the harm to Defendants in granting a preliminary injunction is very limited, except in terms of the monetary effect, in that Defendants would be required to "actually purchase[] the foods containing all the necessary nutrients," and that

"the public interest is served by not having a rise in SCDC medical expenses in treating these diseases, curving [sic] deaths of inmates and stress on family members of these inmates, up-holding the U.S. Constitution's 8th Amendment against cruel and unusual punishment and curving [sic] the current embezzlement schemes employed by public officials." Mot. 2, ECF No. 41. Because Plaintiff seeks a mandatory injunction, the court is not required to address the public-interest and balance-of-equity factors typically considered in requests for prohibitory injunctive relief–those that seek to maintain the status quo. *See Winter,* 555 U.S. at 20; *Pashby*, 709 F.3d at 319-20. In any event, Plaintiff has not made a sufficient showing even under the less-demanding standard. Plaintiff's allegations are conclusory, and he offers no specific facts to support the conclusions.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that Plaintiff's Motion for Preliminary Injunction, ECF No. 41, be denied.

IT IS SO RECOMMENDED.

February 14, 2014                                   Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).