UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden, | ) C/A No. 5:13-2290-JMC-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | )     Partial Summary Dismissal |
| Marcia Fuller, SCDC Dietician; | ) |
| John and Jane Does, Kershaw Cafeteria Supervisors; | ) |
| Michael L. Fair, Legislative Audit Council, *et al.*, and | ) |
| Boyd H. Parr, Director of Poultry Products and Inspection, *in their official capacities and in their individual or personal capacities*, | ) |
| | ) |
| Defendants. | ) |

_____

Plaintiff, Bernard McFadden ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, brings this civil rights action against Defendants, seeking compensatory, nominal, and punitive damages and declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, for alleged violations of his Eighth Amendment rights. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint is subject to partial summary dismissal, without prejudice and without issuance and service of process, as to Defendants Michael L. Fair and Boyd H. Parr.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has

been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," or "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, Plaintiff's Complaint is subject to partial summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

This case was originally filed as a civil rights action, purportedly brought by 91 prisoners at the Kershaw Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC"), in Kershaw, South Carolina, with Plaintiff in the role of "lead plaintiff." By Order of United States District Judge J. Michelle Childs dated November 22, 2013, the claims of Plaintiffs in the original case were severed into 91 separate actions. ECF No. 30. The Office of the Clerk of Court was directed to maintain this case brought by Plaintiff McFadden as the "Lead Case." The assigned United States Magistrate Judge was authorized to issue orders pursuant to the court's Local Rules and General Order issued in *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and to conduct an initial review of this case and the ninety other cases in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

Plaintiff alleges that the SCDC Defendants—Marcia Fuller and the John and Jane Doe Defendants—have knowingly and wilfully failed to provide adequate nutrients and vitamins in meals served to Plaintiff, subjecting Plaintiff to imminent danger of serious physical injuries. Plaintiff alleges that Defendant Fair[1] has failed to investigate the SCDC despite repeated requests by Plaintiff, and that Defendant Parr[2] has failed to respond to Plaintiff's inquiries and complaints

---

[1] Defendant Fair is an ex-officio member of the Legislative Audit Council by virtue of his chairmanship of the Finance Committee of South Carolina's Senate. *See* http://lac.sc.gov/GoverningBoard.aspx (last visited Feb. 11, 2014).

[2] Plaintiff sued Defendant Parr as "Director of Poultry Products and Inspection." *See* ECF No. 1-1 at 3. Defendant Parr is Director of Clemson University's Livestock-Poultry Health, which includes the South Carolina Meat and Poultry Inspection Department. *See* http://www.clemson.edu/public/lph/bios/parr.html and http://www.clemson.edu/public/lph/scmpid/staff.html (last visited Feb. 11, 2014).

about the poultry used by SCDC and Plaintiff's complaints that SCDC menus falsely indicate "poultry product[s] (offal)" are meat dishes. Compl. 3-4, ECF No. 1.

## DISCUSSION

Plaintiff's factual allegations concerning Defendant Fair are as follows:

> Michael L. Fair has been previously forwarded letters from Plaintiff Bernard McFadden regarding SCDC falsely publishing beef dishes (meat) in its menus made from the product identified in Attachment A [*i.e.* mechanically separated chicken], but Defendant Fair provided no reasonable assistance in examining SCDC financial records to determine whether money provided to SCDC to provide meat products for Plaintiffs' diet is used to buy daily recommended meat products, contributing to health problems.

Compl. 4, ECF No. 1; *see* Attachment A, ECF No. 1-1.  State officials, such as Defendant Fair, are considered "persons" within the meaning of § 1983 when sued in their individual capacities and may be held personally liable for damages under § 1983 for their official actions, unless they have immunity from suit because they are carrying out legislative or judicial functions, or if they establish the defense of qualified immunity. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).  In the instant case, Plaintiff's claims against Defendant Fair are barred by Defendant Fair's absolute legislative immunity. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (legislators at all levels of government are entitled to immunity for "legislative activities"); *Tenney v. Brandhove*, 341 U.S. 367 (1951); *Haskell v. Washington Township*, 864 F.2d 1266, 1277 (6th Cir. 1988) ("legislators of any political subdivision of a state are absolutely immune from liability under 42 U.S.C. § 1983 insofar as they are acting in a legislative capacity").

The court takes judicial notice[3] that the Legislative Audit Council, of which Defendant Fair is an ex-officio member because he is chair of the Senate Finance Committee, is authorized only to perform performance audits, not financial audits, of state agencies and their programs. Citizens cannot directly request an audit. Audits are authorized by specific statutory provision, and may also be requested by five or more members of the General Assembly, or by the President Pro Tempore of the Senate or the Speaker of the House. *See* S.C. Code Ann §§ 2-15-10 through -120; *see also* http://lac.sc.gov (last visited Feb. 11, 2014). Here, Plaintiff's allegations of Defendant Fair's actions or inactions in responding to Plaintiff's requests to examine SCDC's financial records involve Defendant Fair's legislative activities. Thus, Plaintiff's claims for damages, declaratory, and injunctive relief against Defendant Fair are barred by Defendant Fair's absolute legislative immunity. See *Assa'Ad-Faltas v. City of Columbia*, C/A No. 3:10-3014-TLW-JRM, 2010 WL 6549845 (D.S.C. Dec. 10, 2010), *adopted in* 2011 WL 1546849 (D.S.C. Apr. 22, 2011).

Regarding Defendant Parr, Plaintiff's alleges the following:

Defendant Boyd H. Parr has been previously forwarded several written letters from Plaintiff Bernard McFadden regarding SCDC['s] constant use of bloody, smelly organ type poultry (offal) identified in the attached label (See Attachment A.) [*i.e.* mechanically separated chicken], but Defendant Parr provided no reasonable assistance in inspection, as well as information on the effect this product may have on an individual after long term use;
Plaintiffs alleges Defendant Parr has been previously forwarded several written letters from Plaintiff Bernard McFadden regarding SCDC falsely publishing this poultry product (offal) as beef dishes in menus (See Attachment B), but provided no response regarding this constant use[.]

---

[3] *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

Compl. 4, ECF No. 1; *see* Attachments A and B, ECF Nos. 1-1, 1-2.  However, Defendant Parr, as director of Clemson University's Livestock-Poultry Health, which includes the South Carolina Meat and Poultry Inspection Department, has no legal responsibility for the alleged falsification on SCDC/KCI menus of beef dishes.  The court takes judicial notice that Defendant Parr and the South Carolina Meat and Poultry Inspection Department have no legal responsibility under meat and poultry inspection laws and regulations for regulating the content of the menus published by SCDC or KCI. Rather, that agency oversees only the inspection and labeling of poultry products by manufacturers (persons who engage in the business of slaughtering or processing poultry), renderers, and brokers. *See* S.C. Code Ann. §§ 47-4-10 through -170, 47-17-10 through -150, 47-19-10 through -180, and 47-22-10 through -80; *see also* http://www.clemson.edu/public/lph/scmpid (last visited Feb. 11, 2014).

   Plaintiff's Complaint makes no allegation that the mechanically separated chicken meat which is allegedly used by SCDC and KCI is mislabeled or uninspected. Instead, Plaintiff complains that SCDC and KCI falsely publish menus on which such poultry products are represented to be beef dishes.  Defendant Parr has no legal authority to monitor or control the preparation and serving of food by SCDC and KCI under any of the statutory authority cited above.  Thus, Plaintiff's claims for damages, declaratory, and injunctive relief against Defendant Parr fail to state a claim for which relief may be granted by this court.

## **RECOMMENDATION**

   Based on the foregoing, it is recommended that the District Court summarily dismiss Defendants Michael L. Fair and Boyd H. Parr from this case without prejudice, and that Plaintiff's Amended Complaint be served only upon Defendants Marcia Fuller and John and Jane Does.

IT IS SO RECOMMENDED.

February 14, 2014                                  Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).