# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Bernard McFadden,[1] *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v.  ) | Civil Action |
| ) | No. 5:13-cv-2290-JMC |
| Marcia Fuller, SCDC Dietician; John and Jane Does, ) | |
| Kershaw Cafeteria Supervisors; Michael L. Fair, Legislative ) | **ORDER AND OPINION** |
| Audit Counsel, Boyd H. Parr, Director of Poultry Products ) | |
| and Inspection, ) | |
| Defendants. ) | |
| ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 73), filed February 14, 2014, recommending that the court summarily dismiss Plaintiff Bernard McFadden's ("Plaintiff") complaint as to Defendants Michael L. Fair and Boyd H. Parr. (*Id.* at 1.) Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 9.) For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report and **SUMMARILY DISMISSES** Plaintiff's claims against Defendants Fair and Parr.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

Plaintiff is incarcerated at the Kershaw Correctional Institution ("KCI"), a facility managed by the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 2.)

---

[1] All other Plaintiffs were terminated from this case on November 22, 2013, per the court's order severing this action (ECF No. 30).

Plaintiff filed this action on August 23, 2013 (ECF No. 1), alleging that Defendants Marcia Fuller, John and Jane Does, Michael L. Fair, and Boyd H. Parr (collectively referred to as "Defendants") violated the Eighth Amendment by providing insufficient portions of food and drinks that did not yield the necessary vitamins or nutrients.[2] (*Id.* at 3.) Plaintiff alleges that malnutrition in the prison has resulted in loss of vision, headaches, bleeding gums, weight loss, decaying teeth, and loss of hair. (*Id.*)

Plaintiff claims that Defendant Fair has been unresponsive to letters informing Defendant Fair that SCDC allegedly, falsely advertises as beef, meals made from chicken offal.[3] (*Id.* at 4.) Plaintiff also states that Defendant Fair did not assist Plaintiff's efforts to examine SCDC financial records to determine whether funds used to purchase meat products have been misappropriated. (*Id.* at 4–5.) Plaintiff contends that Defendant Parr has also received letters about the purported false advertisement of the beef dishes. (*Id.* at 3.) Plaintiff argues that Defendant Parr should be held liable for not inspecting the situation or providing information on the effect that offal would have on the prisoners' health. (*Id.* at 5.)

On February 14, 2014, the magistrate judge issued the Report, which recommended summary dismissal of Plaintiff's claims against Defendants Fair and Parr. (ECF No. 73.) In the Report, the magistrate judge explained that Defendant Fair is a South Carolina State Senator who is a member of the Legislative Audit Council.[4] (*Id.* at 3 n.1.) The magistrate judge found that the Legislative Audit Council is authorized to execute only performance audits and not financial audits of state agencies. (ECF No. 73 at 5 (citing S.C. Code Ann. §§ 2-15-10 to –120 (2005)).)

---

[2] Plaintiff originally filed this action as a joint action with ninety co-plaintiffs. (*See* ECF No. 1 at 5–8.) The court dismissed the co-plaintiffs leaving Plaintiff McFadden as the sole plaintiff in this action. (*See* ECF No. 10.)

[3] Plaintiff appears to define offal as poultry organs. (*See* ECF No. 1 at 3–4.)

[4] The court also notes that Defendant Fair is the Chairman of the Senate Corrections and Penology Committee. Fair - South Carolina Legislature Online – Member Biography, (last visited July 22, 2014), http://www.scstatehouse.gov/member.php?code=0554545388.

The magistrate judge also stated that citizens are not permitted to directly request an audit but instead audits must be requested by members of the General Assembly. (*Id.*) The Report concluded that Plaintiff's suit contested actions or inactions involving Defendant Fair's legislative activities and for that reason, Plaintiff's suit against Defendant Fair is barred by Defendant Fair's absolute legislative immunity. (*Id.* at 4–5 (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998)).)

The Report further explained that Defendant Parr, a veterinarian, is the director of Clemson University's Livestock-Poultry Health Extension. (ECF No. 73 at 3; Dr. Boyd Parr Biography, (last visited July 22, 2014), http://www.clemson.edu/public/lph/bios/parr.html.) The Report states that Clemson's Livestock-Poultry Health Extension includes the South Carolina Meat and Poultry Inspection Department.[5] (ECF No. 73 at 6.) The magistrate judge concluded that the Meat and Poultry Inspection Department "has no legal responsibility for the alleged falsification on SCDC/KCI menus of beef dishes." (*Id.* at 6.) The magistrate judge found instead that the Inspection Department oversees "the inspection and labeling of poultry products by manufacturers (persons who engage in the business of slaughtering or processing poultry), renderers, and brokers." (*Id.* (citing S.C. Code Ann. §§ 47-4-10 to –170 (1987); S.C. Code §§ 47-17-10 to –150 (1987); S.C. Code §§ 47-19-10 to –180 (1987); S.C. Code §§ 47-22-10 to –80 (1987)).) The magistrate judge stated that since Plaintiff did not allege that the offal is mislabeled or uninspected but instead that SCDC falsely represents its offal dishes as beef dishes, Plaintiff has not stated a claim for which relief can be granted against Defendant Parr. (ECF No. 73 at 6.)

---

[5] The court further notes that the South Carolina Meat and Poultry Inspection Department was established by the state legislature to execute programs that ensure that meat and poultry products within the state are safe, wholesome, and accurately labeled. SC Meat and Poultry Inspection – Clemson University, (last visited July 22, 2014), http://www.clemson.edu/public/lph/scmpid/.

3

Plaintiff filed Objections to the Report ("Objections") on February 28, 2014. (ECF No. 81.) In his Objections, Plaintiff reasserts his position that Defendant Fair has ignored his request concerning the alleged misappropriation of funds with respect to the purchase of SCDC meat products.[6] (ECF No. 81 at 4; ECF No. 81-2 at 2–3.) Plaintiff asks that the court find that Defendant Fair has a duty to investigate SCDC financial records and that Defendant Fair has failed in performing this duty. (ECF No. 81-2 at 3 (citing S.C. Code Ann. 2-15-90 (2005)).)[7] Plaintiff also asserts that he is alleging that Defendant Parr (and by extension, the South Carolina Meat and Poultry Inspection Department) has not inspected the chicken offal used by the prison. (ECF No. 81 at 6; ECF No. 81-2 at 3.) Plaintiff contends that while the United States Department of Agriculture ("USDA") may have inspected "the whole chicken", the USDA has not inspected the chicken offal used by the prison. (ECF No. 81-2 at 3.)

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including

---

[6] Plaintiff appears to state that Defendant Fair has a duty to respond to the audit requests of citizens. (*See* ECF No. 81-2 at 2.)

[7] S.C. Code Ann. 2-15-90 (2005) states: "It shall not be a function of the Council staff to prepare legislation and all suggested legislation resulting from staff studies shall be channeled through the Legislative Council which shall cooperate with the staff."

appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Summary dismissal of a prisoner complaint is required under the Prison Litigation Reform Act ("PLRA") where the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009) (citing 28 U.S.C. § 1915A). In light of this requirement, the Report recommends summary dismissal of Plaintiff's claims against Defendants Fair and Parr. The court agrees with the magistrate judge's recommendation and for independent reasons finds that Plaintiff's complaint against Defendants Fair and Parr fails to state a claim and is frivolous.

Plaintiff's Objections with respect to his claim against Defendant Fair do not state any reasonable argument that would overcome the Report's recommendation of dismissal. The relevant statutory provision makes clear that Defendant Fair has no obligation to respond to citizen requests for audits. *See* S.C. Code 2-15-60 (2005) ("It is the duty of the council[ t]o respond to any request concerning a fiscal matter or information related to the purposes set forth in Section 2-15-50 *which may be referred to it by the General Assembly or any of its members or committees*.") (emphasis added). The court is not permitted to fabricate a duty for the

Legislative Audit Council that has no basis in the statute. Therefore, the court finds that Plaintiff has not alleged any failure to act that is in violation of the relevant statute.

More significantly, the court finds that Plaintiff's claim against Defendant Fair is insufficiently linked to the constitutional claim upon which he bases this action. Plaintiff claims that his Eighth Amendment right to an adequate diet has been violated. To prove this claim, Plaintiff must show both that that he has been deprived of a serious nutritional need and that Defendants were deliberately indifferent to that need. *King v. Lewis*, 358 F. App'x 459, 460 (4th Cir. 2009); *see also Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010). The court cannot reasonably infer from the facts alleged that Defendant Fair caused Plaintiff to be malnourished and was deliberately indifferent to Plaintiff's alleged malnourishment. The nexus between Defendant Fair's purported failure to conduct a financial audit at Plaintiff's request and Plaintiff's lack of nutrition is too tenuous to state an Eighth Amendment violation. Therefore, Plaintiff's claim against Defendant Fair fails to survive summary dismissal.

Similarly, Plaintiff's claim that Defendant Parr failed to inspect the offal does not state a constitutional violation. Plaintiff asserts nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" that lacks any factual support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations marks and citation omitted). The court finds that Plaintiff's allegations with respect to the inspection of the offal are inconsistent. The documentation which Plaintiff has submitted of a purported offal box sticker label has a USDA inspection stamp indicating that the chicken parts underwent a USDA inspection. (*See* ECF No. 71-1 at 11.) While Plaintiff baldly asserts that the USDA has not inspected all of the chicken parts, such an assertion contradicts the documentation Plaintiff submitted and lacks any other

6

factual support. Therefore, the court finds that Plaintiff's assertion of a lack of inspection is implausible and wholly unsupported. *See Hodge v. Gansler*, 547 F. App'x 209, 210 (4th Cir. 2013) ("Although a pro se litigant's pleadings are to be construed liberally, his complaint must contain factual allegations sufficient to raise a right to relief above the speculative level and that state a claim to relief that is plausible on its face. This plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully.") (internal quotation marks and citations omitted). For that reason, Plaintiff fails to state a claim against Defendant Parr.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 73), although for distinct reasons. Plaintiff's claims against Defendants Fair and Parr are **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 22, 2014
Columbia, South Carolina

7