# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Bernard McFadden,[1] *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action |
| ) | No. 5:13-cv-2290-JMC |
| Marcia Fuller, SCDC Dietician; John and Jane Does, ) | |
| Kershaw Cafeteria Supervisors; Michael L. Fair, Legislative ) | **ORDER AND OPINION** |
| Audit Counsel, Boyd H. Parr, Director of Poultry Products ) | |
| and Inspection, ) | |
| Defendants. ) | |
| ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 72), filed February 14, 2014, recommending the court deny Plaintiff Bernard McFadden's ("Plaintiff") motion for a preliminary injunction (ECF No. 41). (ECF No. 72 at 1.) Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 9.) For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report and **DENIES** Plaintiff's motion for a preliminary injunction.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

Plaintiff is incarcerated at the Kershaw Correctional Institution, a facility managed by the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 2.) Plaintiff filed this action on August 23, 2013 (ECF No. 1), alleging that Defendants Marcia Fuller, John and Jane

---

[1] All other Plaintiffs were terminated from this action on November 22, 2013, per the court's order severing this action (ECF No. 30).

1

Does, Michael L. Fair, and Boyd H. Parr (collectively referred to as "Defendants") violated the Eighth Amendment by providing insufficient portions of food and drinks that did not yield the necessary vitamins or nutrients.[2]  (*Id.* at 3.)  Plaintiff alleges that malnutrition in the prison has resulted in loss of vision, headaches, bleeding gums, weight loss, decaying teeth, and loss of hair. (*Id.*)  Plaintiff requests monetary, punitive, compensatory, and nominal damages.  (*Id.* at 9.) Plaintiff also asks that the court declare that Defendants have violated the Constitution by feeding offal[3] in place of beef and by providing inadequate fruits and vegetables.  (*Id.*)  Plaintiff further requests that the court issue an injunction requiring Defendants to provide a balanced and nutritious diet.  (*Id.*)

On December 31, 2013, Plaintiff moved for a preliminary injunction.  (ECF No. 41.)  In his motion, Plaintiff asserts that the lack of nutrients from the excessive use of offal or processed meats has caused, in addition to the maladies previously stated in the complaint, itching skin, heart attacks, and strokes.  (*Id.* at 1.)  Plaintiff contends that these illnesses constitute irreparable harm.  (*Id.*)  Plaintiff further argues that Defendants would not be greatly harmed by a preliminary injunction because the injunction would simply require Defendants to purchase foods with the necessary nutrients.  (*Id.*)  Plaintiff believes he has a likelihood of success in this action.  (*Id.*)  Moreover, Plaintiff states that a preliminary injunction would be in the public interest because the serving of sufficiently nutritious food would reduce SCDC's medical expenses, prevent prisoner deaths, and would be consistent with Eighth Amendment protections. (*Id.* at 2.)

---

[2] Plaintiff originally filed this action as a joint action with ninety co-plaintiffs.  (*See* ECF No. 1 at 5–8.)  The court dismissed the co-plaintiffs leaving Plaintiff McFadden as the sole plaintiff in this action.  (*See* ECF No. 10.)

[3] Plaintiff appears to define offal as chicken waste.  (*See* ECF No. 41 at 1.)

On February 14, 2014, the magistrate judge issued the Report, which recommended denial of Plaintiff's motion for a preliminary injunction. (ECF No. 72.) In the Report, the magistrate judge explained that preliminary injunctions are seldom granted for matters that involve the management of prisons. (*Id.* at 3) (citing *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994)).) The Report also concluded that Plaintiff has not demonstrated irreparable harm or that the court would be unable to enter appropriate relief in the absence of a preliminary injunction. (ECF No. 72 at 3.)

Plaintiff filed Objections to the Report ("Objections") on February 28, 2014. (ECF No. 80.) In his Objections, Plaintiff argues that he can demonstrate irreparable harm if Defendants grant a specific discovery request, which seeks samples and photos allegedly taken by the United States Department of Agriculture ("USDA"). (*Id.* at 3.) Plaintiff also states that he could prove that Defendant Fuller has approved chicken waste to be served to prisoners if Defendants grant a certain discovery request that seeks a purported USDA video tape of such waste. (*Id.* at 5.) Plaintiff further declares that his medical records will demonstrate that his health is deteriorating as a result of malnutrition. (*Id.*) Plaintiff concludes that the court should grant a preliminary injunction following discovery. (*Id.*)

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections

3

are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

A preliminary injunction is an extraordinary remedy and a plaintiff seeking such remedy carries a substantial burden. *See Munaf v. Geren,* 553 U.S. 674, 689–90 (2008). In order for a court to grant a preliminary injunction, a movant must show (1) he will likely succeed on the merits, (2) he will suffer irreparable harm in the absence of the injunction; (3) the balance of equities weighs in his favor; and (4) such relief would be in the public interest. *Winter v. Natural Resources Defense Council, Inc., * 555 U.S. 7, 20 (2008).

As Plaintiff seemingly acknowledges, at this point in the litigation, he does not have sufficient proof to demonstrate a likelihood of success on the merits. The court cannot presume from Plaintiff's assertions of what the discovery process will reveal that Plaintiff will likely be successful in this action. Similarly, the court agrees with the magistrate judge that Plaintiff has not made a showing of irreparable harm. Plaintiff's mere allegations of harm are insufficient to

make such a showing.  Plaintiff must instead set forth evidence that would establish such harm. As the courts generally find it in the public interest to abstain from becoming "enmeshed in the minutiae of prison operations", s*ee Bell v. Wolfish,* 441 U.S. 520, 562 (1979), the court does not find that the balance of equities tips in Plaintiff's favor nor does it find the requested relief to be in the public interest.  Therefore, the court **DENIES** Plaintiff's motion for a preliminary injunction.[4]

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 72).  Plaintiff's motion for a preliminary injunction (ECF No. 41) is thereby **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 17, 2014
Columbia, South Carolina

---

[4] While Plaintiff requests that the court grant injunctive relief in the future, the court can only decide matters that are ripe for review.