UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden, ) | C/A No. 5:13-02290-JMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | |
| Marcia Fuller, SCDC Dietician; Ms. Beckham, Food ) | |
| Service Supervisor; Ms. Jordan, Food Service ) | |
| Supervisor; Mr. Green, Food Service Supervisor; ) | |
| Mr. Samuels, Food Service Supervisor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on Defendants' Motion to Dismiss filed on April 8, 2014. ECF No. 100. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on April 9, 2014, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF No. 102. Plaintiff filed a Response to Defendants' Motion on May 6, 2014, and Defendants replied on May 16, 2014. ECF Nos. 111, 115. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because the Motion to Dismiss is dispositive, a Report and Recommendation is entered for the court's review.

I. Background

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Plaintiff is an inmate and was housed within Kershaw Correctional Institution during the time period relevant to his Complaint. ECF No. 1 at 2. Plaintiff filed his Complaint on August 23, 2013,[2] and alleges that Defendants are violating his Eighth Amendment Rights by not providing food with certain vitamins and nutrients as well as serving insufficient portions of food and drinks. *Id.* at 3. Plaintiff maintains that the lack of Vitamins A, B, C, D, and K are putting him in imminent danger and

> causing loss of vision and/or loss of energy, nerve damage, muscular weakness, burning and itching of the eyes, sensitivity of eyes to light, cracking or soreness at the corner of his lips; and/or indigestion, diarrhea, depression, nausea, fatigue, skin eruptions, weaken[ed] immune system; and/or extreme hunger pain, head aches, constipation; and/or bleeding gums, coldness, weight gain, weight loss, soft or bleeding gums, decaying teeth and loss of hair. . . .

*Id.* Additionally, Plaintiff alleges that Defendants are failing to provide the daily recommended amount of protein containing amino acids, potassium, niacin, Omega 3, and Vitamin C. *Id.* at 4. Specifically, Plaintiff maintains that Defendants have "falsely publish[ed] beef dishes in SCDC menus such as meat loaf, beef gravy, beef patty, Salisbury steaks and spaghetti sauces actually made from ground poultry organs [as identified in attached meat label]." *Id.*

Plaintiff seeks an unspecified amount of monetary damages for pain and suffering, mental and emotional distress, irreparable damages, exemplary or punitive damages, future

---

[2] Initially, Plaintiff brought suit against Michael L. Fair, of the Legislative Audit Counsel, and Boyd H. Parr, Director of Poultry Products and Inspection, in addition to the remaining Defendants. *Id.* However, Defendants Fair and Parr were dismissed from this action when the court accepted the undersigned's Report and Recommendation to summarily dismiss them. ECF No. 126. Specifically, the court found that Plaintiff failed to allege any failure to act in violation of section 2-15-60 of the South Carolina Code on Fair's part and found Plaintiff's claim against Fair was insufficiently linked to the constitutional claim on which he based his action. *Id.* at 6. Additionally, the court found that Plaintiff's claim against Parr for failure to inspect offal did not state a constitutional violation, was implausible, and wholly unsupported. *Id.* at 6-7. Based on Fair and Parr's dismissal, the undersigned will not address Plaintiff's specific claims against them.

damages, compensatory damages, and nominal damages. *Id.* at 9.  Finally, Plaintiff requests an order "declaring that SCDC feeding (offal) in the place of beef and extremely small portions or no fruit and vegetables violates the 8th Amendment of the U.S. Constitution. . . ." and injunctive relief for a "gradual change to daily recommended foods that are balanced and nutritious." *Id.*

This is not the first time that Plaintiff has brought action in this court against SCDC food operations personnel, including Marcia Fuller, an SCDC nutritionist. On December 16, 2010, Plaintiff filed an action against Defendant Fuller as well as two food supervisors and one kitchen manager at Kirkland Correctional Institution.[3]  *See McFadden v. Butler*, No. 3:10-3104-JMC-JRM, 2011 WL 2437511 (D.S.C. Mar. 29, 2011) *report and recommendation adopted*, No. 3:10-3104-JMC, 2011 WL 2437504 (D.S.C. June 16, 2011). There, Plaintiff alleged that he was being subjected to cruel and unusual punishment in violation of the Eighth Amendment because of the food SCDC provided. *Id.* For example, Plaintiff alleged he suffered injury due to SCDC's "serving no beef," "serving no fish other than tuna," and "serving no potatoes." *Id.* at ECF No. 1.

II.     Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12 tests the sufficiency of the complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (relying on *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In construing

---

[3] This court may take judicial notice of this prior action. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Shop v. Bell & Howell Co.*, 872 F.2d 1178, 1182 (4th Cir. 1989).

a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. at 680. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. A pro se complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

III.    Analysis

Defendants argue that Plaintiff's claim is barred under the doctrine of res judicata. ECF No. 100 at 5-11. Specifically, Defendants argue that Plaintiff is attempting to reassert a claim previously decided by this court in *McFadden, v. Butler*, No. 3:10-cv-03104-JMC-JRM, 2011 WL 2437511 (D.S.C. Mar. 29, 2011) ("McFadden I"). *Id.* at 5. There, Plaintiff alleged he was being subjected to cruel and unusual punishment because he was served inadequate portions of food at Kirkland Correctional Institution and the diet served was not nutritionally adequate. *Id.*

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."

*Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.5 (1979). There are three elements necessary to apply the doctrine of res judicata: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *See e.g.*, *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000); *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997); *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996). The Supreme Court has explained that the central purposes of res judicata are to protect parties from the expense of litigating multiple lawsuits concerning the same issue, conserve judicial resources, and reduce the possibility of inconsistent rulings. *See Montana v. U. S.*, 440 U.S. 147, 153-54 (1979) ("To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.").

### 1. Final Judgment on the Merits

There must have been a final judgment on the merits under the first prong of res judicata. In Plaintiff's case concerning food served at Kirkland Correctional Institution, defendants filed a motion for summary judgment. McFadden I at ECF No. 48. This court granted defendants' motion on March 13, 2012, concluding that the defendants were entitled to judgment as a matter of law. *Id.* at ECF No. 70. In granting the summary judgment motion, this court concluded that Plaintiff failed "to establish a constitutional claim because he [had] not shown any serious or significant physical or emotional injury resulting from the alleged conditions." *Id.* at ECF No. 63 p. 8. Further, this court held that Plaintiff failed "to show that [d]efendants knew of and disregarded an excessive risk to inmate health or safety." *Id.* In

making its second holding, the court relied, in part, on an affidavit of Marcia Fuller, a nutritionist at SCDC. *Id.*; *see also* McFadden I at ECF No. 48-3. Additionally, the court noted that meals provided inmates with approximately 3,200 calories per day based on evidence defendants presented, including menus. McFadden I at ECF No. 63, p.8. In response to Plaintiff's claim that "certain other food items (such as beef, margarine, potatoes, and fruit) are needed on the menu," the court found that Plaintiff failed to provide evidentiary support for this assertion, and Plaintiff admitted that "he is not a dietitian and has never spoken to a dietitian about his complaints." *Id.*

The court also found that defendants in Plaintiff's first action were entitled to immunity under the Eleventh Amendment to the extent Plaintiff sued them in their official capacities. ECF No. 63 at 9. Additionally, the court found that defendants were entitled to qualified immunity based on Plaintiff's failure to show that any of defendants had violated any of his clearly established constitutional or statutory rights. *Id.* at 10. Finally, this court found that Plaintiff failed to demonstrate requisite factors entitling him to a preliminary injunction. *See id.* at 10-11.

A final judgment on the merits was entered in Plaintiff's prior action concerning the food and its nutritional content that he was served while at Kirkland Correctional Institution based on the court's ruling granting defendants summary judgment. *See e.g., U.S. ex rel. Bondy v. Consumer Health Found.*, 28 F. App'x 178, 184 (4th Cir. 2001) (holding for purposes of res judicata, grants of summary judgment are considered "on the merits"); *Bland v. Norfolk & S.R. Co.*, 406 F.2d 863, 866 (4th Cir. 1969) (summary judgment facilitates the prompt disposition of controversies on their merits without a trial); *see also Catlin v. United States*, 324 U.S. 229, 233 (1945) (citation omitted) ("A 'final decision' is generally one

which ends the litigation on the merits…"). Accordingly, the first prong of res judicata is satisfied because this court decided Plaintiff's prior action on the merits.

2. Subsequent suit based on the same cause of action

Under the second prong of res judicata, the subsequent suit must be based on the same cause of action as the initial suit. In McFadden's first action concerning food operations at SCDC, the central issue before the court was whether the nutritional content of food served within Kirkland Correctional Institution and the amount of food served to Plaintiff violated his Eighth Amendment right against cruel and unusual punishment. *See* McFadden I at ECF No. 1.

When determining whether the identity of claims in a subsequent action are the same as those in the prior action, this circuit has adopted a transactional approach to the identity of claims question drawn from § 24(b) of the Restatement (Second) of Judgments. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013); *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990). Under the transactional approach, "[a]s long as the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect." *Clodfelter*, 720 F.3d at 210 (citing *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009). In other words, "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986). The *Harnett* court further explained:

> The rule of claim preclusion we apply, however, asks only if a claim made in the second action involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action. To decide this, we measure the scope of "transaction or series of connected transactions" by considering pragmatic factors such as common origin and relation. . . .Claims may arise out of the same transaction or series of

> transactions even if they involve different harms or different theories or measures of relief. *Id.* comment *c* [of *Restatement (Second) of Judgments* § 24(2) (1982)].

800 F.2d at 1314.

The Fourth Circuit Court of Appeals addressed whether res judicata barred a subsequent litigation concerning on ongoing business policy in *Peugeot Motors of Am., Inc. v. E. Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989). There, in 1981, Eastern, an automobile distributor, sued Peugeot, also an automobile distributor, for anti-trust violations, civil conspiracy claims, and other causes of action. *Id.* at 357. Later, in 1987, Peugeot brought a declaratory judgment action against Eastern, who in turn brought several counterclaims against Peugeot. *Id.* at 356. In the subsequent action, Eastern raised an allegation that involved Peugeot's continuing actions related to an existing sales incentive policy and a second allegation concerning Peugeot's scheme "to drive Eastern out of business." *Id.* at 359.

The court found that Eastern's two counterclaims were barred by res judicata. *Id.* The court found that the counterclaims involved many of the same facts actually litigated in the prior 1981 suit even though the claims contained events that occurred after the 1981 suit. *Id.* Specifically, the court reasoned: "We do not believe that the mere fact that Peugeot's questioned policies continued after the 1981 litigation allows Eastern to make the same legal claim about the same policies that were litigated and on account of which relief was denied in prior litigation." *Id.* (relying on *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 596 n.10 (7th Cir. 1986)).

Similarly, here McFadden has brought a cause of action concerning a continued policy in place at SCDC. Even though some of the facts giving rise to Plaintiff's cause of

action may have occurred at a different SCDC institution than his 2010 suit, res judicata still bars Plaintiff's current action. The basis of Plaintiff's action concerns SCDC's food service operations—specifically the content and amount of food served within SCDC's facilities. In both of Plaintiff's actions, he alleges he was and/or is being subjected to cruel and unusual punishment in violation of the Eighth Amendment by being denied proper nutrition. Moreover, Plaintiff seeks the same damages and injunctive relief that he previously sought in his first action. In applying the transactional approach, the undersigned finds that Plaintiff's current claim arises out of the same origin or transaction as Plaintiff's first suit. Therefore, the second prong of res judicata is satisfied because this subsequent suit is based on the same 2010 cause of action specifically concerning SCDC's food service operations.

### 3. Claims by the Same Parties or their Privies

The final element of res judicata requires identity of parties or their privies in both actions. Here, Defendant Fuller was named in Plaintiff's prior action and is again named as a Defendant here, satisfying the same party requirement of prong three. Therefore, Plaintiff is barred from bringing suit against Defendant Fuller under the doctrine of res judicata.

Additionally, Plaintiff is barred from bringing suit against the remaining Defendants under the doctrine of collateral estoppel rather than res judicata because there is not identity of the parties.[4] *See e.g., Montana v. U. S.*, 440 U.S. at 154 ("Preclusion of [those not parties to the prior litigation] falls under the rubric of collateral estoppel rather than res judicata because the latter doctrine presupposes identity between causes of action."); *Sullivan v. Cnty. of Spartanburg*, No. 6:05-1282-HFF-WMC, 2005 WL 5807359, at *3 (D.S.C. May 10, 2005) *subsequently aff'd*, 225 F. App'x 121 (4th Cir. 2007) ("Preclusion by way of collateral

---

[4] Though Defendants did not specifically raise the issue of collateral estoppel, the court can raise it *sua sponte*. *See e.g., Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *Garrett v. Ozmint*, No. 6:08-0399-HMH-WMC, 2008 WL 5244542 (D.S.C. Dec. 15, 2008).

estoppel must be considered in this context, since there is not the identity of parties required by strict *res judicata*."). "Under collateral estoppel [also known as 'issue preclusion'], once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana*, 440 U.S. at 153; *see also Sullivan*, 2005 WL 5807359, at *3 (emphasis in original) ("*Issue preclusion* is more narrow and operates to bar subsequent litigation of legal and factual issues common to both actions that were actually and necessary determined by the court in the prior litigation."). Plaintiff is precluding from raising the issue—that the food served to him at SCDC is inadequate and unhealthy— because he litigated this issue in a prior action. In other words, Plaintiff cannot maintain suit against SCDC food operation employees not named in the prior suit because he attempts to relitigate the same issue. Accordingly, the undersigned recommends dismissing Defendants Ms. Beckham, Ms. Jordan, Mr. Green, and Mr. Samuels, all purported Food Service Supervisors within SCDC, from this action based on the doctrine of collateral estoppel.

In the alternative, the undersigned notes that other courts have relied on res judicata rather than collateral estoppel in similar contexts where the non-parties had the same interests and legal rights as the prior parties or were in "privity" to hold that a plaintiff is barred from bringing an action. *Jones v. S.E.C.*, 115 F.3d 1173, 1180-81 (4th Cir. 1997) (internal citation omitted) ("Even though for purposes of res judicata the identity of parties may be satisfied by persons in privity with parties, the privity requirement assumes that the person in privity is so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved."); *see also Moore v. Byars*, 4:13-CV-2454-RMG, 2013 WL 6710273, at *4 (D.S.C. Dec. 18, 2013) ("The current Defendants, both

SCDC officials/employees with authority over prisoners' records, are in privity with the Defendants in the previous act: 'John Doe, unknown employee of the South Carolina Department of Corrections,' who was presumed to have authority over Plaintiff's inmate records."); *Wiles v. Ozmint*, No. 9:09-634-CMC-BM, 2009 WL 3417580, *4 (D.S.C. Oct. 20, 2009) ("Additionally, two of the eight Defendants named in this case (Ozmint and Reynolds) are the same Defendants who were named in Plaintiff's previous lawsuit, and the remaining Defendants, who are all also employees of the Department of Corrections, qualify as privies."); *Mills v. Jail Adm'r, Lexington Cnty. Det. Ctr.*, No. 6:07-1695-HFF-WMC, 2008 WL 1883387, at * 3 (D.S.C. Apr. 25, 2008) (finding privity where the plaintiff named the Lexington County Detention Center ("LCDC") and employees of the LCDC as defendants, and in the subsequent action he named the LCDC's Administrator and the Sheriff as defendants). Therefore, the court could alternatively dismiss the remaining Defendants by finding they are in privity with defendants from Plaintiff's prior action because they have the same role within SCDC as well as the same interest and legal rights with respect to the subject matter in Plaintiff's first suit.

Moreover, this analysis also applies to the extent Plaintiff brings an action for a separate or different claim concerning SCDC's food service operations, he is precluded from raising it here because he could have raised his current claim in the prior action. *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) ("Rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.").  Under either analysis, Plaintiff is precluded from bringing this lawsuit and the undersigned recommends dismissal.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion to Dismiss, ECF No. 100, be granted and that this case be dismissed. If the court accepts this recommendation, Plaintiff's pending Motions to Compel, ECF Nos. 107, 112, 113, 114, and 119, will be moot. IT IS SO RECOMMENDED.

August 8, 2014                                                                          Kaymani D. West
Florence, South Carolina                                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**