**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Bernard McFadden, *et al.*,[1] ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action |
| ) | No. 5-13-cv-2290-JMC |
| Marcia Fuller, SCDC Dietician; John and Jane Does; ) | |
| Kershaw Cafeteria Supervisors; Michael L. Fair, ) | **ORDER AND OPINION** |
| Legislative Audit Counsel; Boyd H. Parr, Director of ) | |
| Poultry Products and Inspection; ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Plaintiff Bernard McFadden's ("Plaintiff") Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 132), requesting the court reconsider its July 22, 2014 Order and Opinion ("Order") (ECF No. 126) that accepted the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 73) and dismissed Plaintiff's claims against Defendants Fair and Parr.

## I. RELEVANT BACKGROUND TO THE PENDING MOTION

Due to Plaintiff asserting several objections (ECF No. 81) to the Magistrate Judge's Report (ECF No. 73), the court conducted a *de novo* review of the Magistrate Judge's findings. (ECF No. 126 at 4-5.) In the Order, the court determined that Plaintiff's objections with respect to his claims against Defendants Fair and Parr did not state any reasonable argument sufficient to overcome the Report's recommendation of dismissal. (*Id.* at 5.)

---

[1] All other Plaintiffs were terminated from this case on November 22, 2013, per the court's order severing this action (ECF No. 30).

The court found that Defendant Fair had no obligation to respond to Plaintiff's requests for audits under S.C. Code Ann. § 2-15-60 (2014), and, therefore, Plaintiff failed to establish any failure to act in violation of the statute. (*Id.* at 5-6.) The court further found that Plaintiff's claims against Defendant Fair were insufficiently linked to the Plaintiff's constitutional claim. (*Id.* at 6.) Although Plaintiff asserted the existence of a connection between Plaintiff's lack of nutrition and Defendant Fair's purported failure to conduct a financial audit of the South Carolina Department of Corrections's ("SCDC") meat purchases at Plaintiff's request, the court determined that Plaintiff's constitutional claim failed to survive summary dismissal because the asserted connection is too attenuated to state an Eighth Amendment violation. (*Id.*)

Similarly, the court found that Plaintiff's claim that Defendant Parr failed to inspect the poultry product used by the SCDC did not state a violation of the Eighth Amendment. (*Id.*) Viewing Plaintiff's claim against Defendant Parr as lacking factual support, the court noted that Plaintiff's allegations regarding the inspection of the poultry were inconsistent. (*Id.*) The court found that Plaintiff's claim was directly contradicted by documentation submitted by Plaintiff indicating that the chicken parts underwent a USDA inspection. (*Id.*)

## II.     PLAINTIFF'S ARGUMENT

In his Motion to Reconsider, Plaintiff contends that Defendant "Fair could have (but didn't) inform [Plaintiff] he reported [Plaintiff's] complaint to appropriate authorities or simply direct [Plaintiff] to the correct individual rather than simply ignore[ ] [Plaintiff's] complaint." (ECF No. 132 at 3.) Plaintiff argues that the fact that the SCDC has continued to serve the chicken product demonstrates that Defendant Fair failed to act

upon Plaintiff's request. (*Id.* at 3-4.) Plaintiff further contends that Defendant Parr "refuses to inspect the chicken waste or offal." (ECF No. 132 at 4.)

### III.     LEGAL STANDARD AND ANALYSIS

A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

The court finds that Plaintiff has failed to establish any intervening change in the law or new evidence that would alter the court's decision to dismiss Plaintiff's claims against Defendants Fair and Parr. Plaintiff presents no new facts that were unavailable to the court when issuing the Order. The court is also satisfied that no clear error of law or manifest injustice has resulted from the Order.

Plaintiff's motion devotes a significant degree of attention to asserting that Defendant Fair's failure to act upon Plaintiff's request constituted a breach of a duty. However, because S.C. Code Ann. § 2-15-60 (2014) does not impose such a duty upon Defendant Fair, Plaintiff's motion with respect to his claim against Defendant Fair fails to state an argument sufficient to overcome the Report's recommendation of dismissal. Furthermore, Plaintiff's motion fails to establish a sufficient nexus between Plaintiff's alleged lack of nutrition and Defendant Fair's failure to respond to Plaintiff's request. To establish this constitutional claim, Plaintiff must demonstrate both that he has been deprived of a serious nutritional need and that Defendant Fair was deliberately indifferent to that need. *King v. Lewis*, 358 F. App'x 459, 460 (4th Cir. 2009); *see also Wilson v.*

*Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010). Plaintiff's motion states that because "SCDC continues to serve this chicken waste . . . this is evidence that Fair didn't do anything." (ECF No. 132 at 3-4.) Even if Defendant Fair took no action in response to Plaintiff's request, Plaintiff's motion fails to demonstrate that Defendant Fair was deliberately indifferent to Plaintiff's alleged serious nutritional need.

Plaintiff also contends that the court erred in accepting the Report with respect to whether the "offal [was] mislabeled or uninspected." (ECF No. 132 at 4.) The court found that this allegation against Defendant Parr was inconsistent in light of the documentation provided by Plaintiff revealing that USDA inspected the chicken parts in question. (ECF No. 126 at 6.) Plaintiff himself provided the court with this contradictory information showing that a USDA inspection took place, rendering "Plaintiff's assertion of a lack of inspection [ ] implausible and unsupported." (*Id.* at 6-7.) Plaintiff cannot now assert an error of law or manifest injustice to preserve his allegation that no inspection took place.

## IV.    CONCLUSION

Based on the aforementioned reasons, Plaintiff's Motion to Reconsider pursuant to Rule 59(e) (ECF No. 132) is **DENIED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 23, 2015
Columbia, South Carolina