# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Bernard McFadden, ) | |
| ) | Civil Action No. 5:13-cv-02290-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Marcia Fuller, SCDC Dietician; ) | |
| Ms. Beckham, Food Service Supervisor; ) | |
| Ms. Jordan, Food Service Supervisor; ) | |
| Mr. Green, Food Service Supervisor; ) | |
| Mr. Samuels, Food Service Supervisor; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Bernard McFadden ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of the Eighth Amendment prohibition of cruel and unusual punishment by Defendants South Carolina Department of Corrections Dietician Marcia Fuller and Food Service Supervisors Kemmie Beck, Channing Jordan, Russell Green, and Zane Samuels (collectively "Defendants") for "not providing certain vitamins and nutrients and/or allow service of insufficient portions of food and/or drinks that wouldn't yield necessary vitamins and nutrients." (ECF Nos. 1, 71.)

This matter is before the court on Defendants' Motion to Dismiss (ECF No. 100). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On August 8, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' Motion and dismiss the action. (ECF No. 137.) This review considers Plaintiff's Objections to Report and Recommendation of Magistrate West ("Objections"), filed August 25, 2014. (ECF No. 141.) For the reasons set forth herein, the court **ACCEPTS** the

1

Magistrate Judge's Report. The court thereby **GRANTS** Defendants' Motion to Dismiss (ECF No. 100) and dismisses this action with prejudice.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 137.) The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is incarcerated at Kershaw Correctional Institution within the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 2.) Plaintiff filed this Complaint on August 23, 2013, along with 90 other plaintiffs and additionally naming Defendants Michael L. Fair, Legislative Audit Council, and Boyd H. Parr, Director of Poultry Products and Inspection. (ECF No. 1.) The Complaint alleged the food provided by the SCDC to prisoners did not provide the proper nutrients, resulting in "loss of vision and/or loss of energy, nerve damages, muscular weakness, burning and itching of the eyes, sensitivity of eyes to light, cracking or soreness at the corner of the lips; and/or indigestion, diarrhea, depression, nausea, fatigue, skin eruptions, weaken immune system; and/or extreme hunger pain, head aches, constipation; and/or bleeding gums, coldness, weight gain, weight loss, soft or bleeding gums, decaying teeth and loss of hair." (*Id.* at 3.) Plaintiff also alleged Defendant Parr "provided no reasonable assistance in inspection" by Plaintiff of the meat products used by the SCDC nor "information on the effect this product may have on an individual after long term use." (*Id.*) Further, Plaintiff alleges Defendant Fair "provided no reasonable assistance in examining SCDC financial records to determine whether money provided to SCDC to provide meat products for Plaintiffs' diet is used to buy daily recommended meat products." (*Id.*) Plaintiff seeks an unspecified amount of

monetary damages and declaratory and injunctive relief "declaring that SCDC feeding offal [organ meat] in the place of beef and extremely small portions or no fruit and vegetables violates the 8th Amendment of the U.S. Constitution and thus ordering gradual change to daily recommended foods that are balanced and nutritious." (*Id.* at 9.)

On November 22, 2013, this court issued an Order severing all plaintiffs in the case, resulting in 91 individual cases, and leaving Plaintiff as the sole plaintiff in this action. (ECF No. 30.) Plaintiff filed an Amended Complaint on February 14, 2014, adding a request for a preliminary injunction. (ECF No. 71.) Defendants filed the Motion to Dismiss on April 8, 2014 (ECF No. 100), to which Plaintiff filed a response on May 6, 2014 (ECF No. 111). On July 22, 2014, the court issued two orders, the first dismissing Plaintiff's claims against Defendants Fair and Parr (ECF No. 126) and the second denying Plaintiff's motion for a preliminary injunction (ECF No. 129).

The Magistrate Judge issued the Report on August 8, 2014, recommending Defendants' Motion to Dismiss be granted. (ECF No. 137.) The Magistrate Judge found that Plaintiff's suit is barred under the doctrine of *res judicata*, which states that "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." (*Id.* at 4 (citing *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 327 n.5 (1979)).) To apply the doctrine, three requirements must be met: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of the parties or their privies in the two suits." (*Id.* at 5 (citing *Andrews v. Daw,* 201 F.3d 521, 524 (4th Cir. 2000)).) The Magistrate Judge found that as summary judgment had been entered for the defendants in Plaintiff's prior suit, *McFadden v. Butler,* Civil Action No. 3:10-cv-03104-JMC, 2011 WL 847273 (D.S.C. Mar. 13, 2012) ("McFadden I"), regarding the food and

nutritional content at SCDC's Kirkland Correctional Institution, a final judgment on the merits had been entered in that case, satisfying prong one. (ECF No. 137 at 6-7.) Under the second prong, the Magistrate Judge found that because Plaintiff alleged problems with the content and amount of food served within SCDC facilities in both suits, Plaintiff's claims in this action arose out of the same transaction or series of transactions as those in McFadden I. (*Id.* at 7-9 (citing *Harnett v. Billman,* 800 F.2d 1308, 1313 (4th Cir. 1986)).) The Magistrate Judge found that Defendant Fuller was named in both lawsuits, satisfying the same party requirement of prong three. (*Id.* at 9.) Regarding the remaining Defendants, the Magistrate Judge found they were barred from suit based on collateral estoppel, which states "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." (*Id.* at 10 (citing *Montana v. United States,* 440 U.S. 147, 153 (1979)).) Alternatively, the Magistrate Judge noted the remaining Defendants could be considered to be in privity with parties in the prior suit "because they have the same role within SCDC as well as the same interest and legal rights with respect to the subject matter in Plaintiff's first suit." (*Id.* at 10-11.)

Plaintiff timely filed his Objections on August 25, 2014. (ECF No. 141.) Defendants filed a reply to Plaintiff's Objections on September 11, 2014. (ECF No. 145.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those

portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiff objects to the Report on three grounds: (1) "[a] show of competent evidence/continued condition has worsen since *McFadden v. Butler,* amounting to deliberate indifference," (2) allegations of an embezzlement scheme involving the purchase of meat products by the SCDC was not included in McFadden I, and thus this complaint differs from the

prior suit, and (3) Plaintiff alleges that Defendant Fuller has "presented the court with fraud" in McFadden I. (*See* ECF No. 137.)

Plaintiff first offers medical records and Request to Staff Member forms purporting to show that his condition has worsened since the conclusion of McFadden I. (*See* ECF No. 141-1.) Plaintiff argues this shows a deliberate indifference by Defendants and would allow, under *Wiles v. Ozmint,* 2009 WL 3417580 (D.S.C. October 20, 2009), any claims of continued injury since the conclusion of McFadden I to move forward. (ECF No. 141 at 2-3; *see Wiles,* 2009 WL 3417580, at *5 ("Plaintiff may still establish a valid constitutional claim in the case at bar if he can show through competent evidence that his *continued* [conditions have]… *since the conclusion of his previous case,* resulted in a serious medical condition or conditions that to require him to remain [under the same conditions] would amount to deliberate indifference to his serious medical needs." (emphasis in original)).) Plaintiff first points to a hematology report from December 14, 2013, and accompanying medical summary from December 18, 2013, purporting to show abnormal levels of hemoglobin in Plaintiff's blood. (ECF No. 141-1 at 1-2.) These records list codes and numbers, but provide no context or explanation from a medical professional. Further, the records do not indicate what medical professionals consider to be the cause of any abnormal test results.

Plaintiff also offers a Request to Staff Member form submitted on November 20, 2011, prior to the conclusion of McFadden I, requesting a renewal of a prescription for multivitamins. (*Id.* at 3.) This documentation purporting to show that Plaintiff was once prescribed multivitamins, coupled with his alleged low hemoglobin count, Plaintiff argues, is evidence that his condition has worsened. (ECF No. 141 at 2.) However, Plaintiff offers no documents from SCDC medical staff regarding why he was prescribed multivitamins or whether his prescription

was renewed, nor any documents showing his previous blood levels to compare his condition. Further, the Medical Summary which notes Plaintiff's hematology lab results also includes an entry from January 2, 2014, which notes "no indication for vits or supplements." (ECF No. 141-1 at 2.) This directly contradicts Plaintiff's contention that his condition has worsened since the conclusion of McFadden I. Further, under *Farmer v. Brennan,* Plaintiff must show each Defendant knew of and disregarded the risk posed by a serious medical need. 511 U.S. 825, 846 (1994). Plaintiff can show no evidence that the named Defendants had any knowledge of his medical condition and were deliberately indifferent to it.

Plaintiff further offers excerpts from a book titled Nutrition and Physical Fitness, Ninth Edition, listing various health problems associated with the lack of proper nutrients. (ECF No. 141 at 3-4.) Even if it were proper for the court to take notice of these excerpts, they do nothing more than establish that a lack of proper nutrients can cause health problems. They do not show that the SCDC does not provide food with proper nutrients nor that Plaintiff has suffered health problems as a result.

In his second ground, Plaintiff argues that his allegations of an embezzlement scheme involving the purchase of meat by the SCDC were not included in McFadden I, and therefore are not barred by *res judicata.* (*Id.* at 5.) As Defendants note, the embezzlement allegations were leveled against Defendants Fair and Parr, who were dismissed from this case. (*See* ECF No. 145 at 3.) Further, this court finds no evidence to back up this embezzlement scheme beyond Plaintiff's bare assertions. Plaintiff asserts there are more than 100 eye witness inmates and an additional 12 witnesses who can corroborate his allegations. (ECF No. 141 at 5.) However, no statements or affidavits from these alleged witnesses have been presented. The closest Plaintiff comes to offering any such documentation is a "reply affidavit" offered by Plaintiff purporting to

be a statement of allegations backed up by multiple inmates. (*See* ECF No. 125-1.) However, the final page lists only inmate numbers, but no names and no signatures, instead reading "personal signed" across the signature lines and further noting "Mrs. Amason refused notary 7/11/14 per Shemika Johnson, Office of General Counsel." (*Id.* at 4.) As such, this can only be taken as Plaintiff's own unsubstantiated assertions.

Finally, Plaintiff alleges that Defendant Fuller committed fraud by offering a false affidavit in McFadden I and alleges various other frauds, schemes, and cover ups by SCDC personnel. (ECF No. 141 at 6-8.) Plaintiff can offer nothing to back up these assertions but his own unsubstantiated accusations. As such, Plaintiff cannot rely on these alleged frauds to survive a motion to dismiss.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 137). It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 100) is **GRANTED** and this action (ECF Nos. 1, 71) is **DISMISSED** with prejudice. It is further ordered that Plaintiff's various motions to compel discovery (ECF Nos. 107, 112, 113, 114, 119, 149) are **DENIED** as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 26, 2015
Columbia, South Carolina