# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Bernard McFadden, *et al.*,[1] ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action |
| ) | No. 5:13-cv-2290-JMC |
| Marcia Fuller, SCDC Dietician; John and Jane Does; ) | |
| Kershaw Cafeteria Supervisors; Michael L. Fair, ) | **ORDER AND OPINION** |
| Legislative Audit Counsel; Boyd H. Parr, Director of ) | |
| Poultry Products and Inspection; ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Plaintiff Bernard McFadden's ("Plaintiff") Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 133), requesting the court reconsider its July 22, 2014 Order and Opinion ("Order") (ECF No. 129) that denied Plaintiff's motion for a preliminary injunction (ECF No. 41).

## I.    RELEVANT BACKGROUND TO THE PENDING MOTION

Due to Plaintiff asserting several objections (ECF No. 80) to the Magistrate Judge's Report and Recommendation (ECF No. 72), the court conducted a *de novo* review of the Magistrate Judge's findings. (ECF No. 129 at 3-4.) In the Order, the court determined that Plaintiff's objection with respect to his specific discovery request, even if given weight by the court, does not compel the conclusion that a preliminary injunction is the appropriate remedy. (*Id.* at 4-5.)  The court concluded that Plaintiff failed to carry the substantial burden required to establish a claim for a preliminary injunction, finding

---

[1] All other Plaintiffs were terminated from this case on November 22, 2013, per the court's order severing this action (ECF No. 30).

1

that Plaintiff "does not have sufficient proof to demonstrate a likelihood of success on the merits [and] . . . has not made a showing of irreparable harm." (*Id.* at 4-5.) The court further found that the balance of equities did not weigh in favor of Plaintiff and a preliminary injunction would not be in the public interest. (*Id.* at 5.) With regard to Plaintiff's assertion that allowing Plaintiff to conduct further discovery would affect the likelihood of his claims against the Defendants, the court determined that it could not "presume from Plaintiff's assertions of what the discovery process will reveal that Plaintiff will likely be successful in this action."[2] (*Id.* at 4.)

## II.    PLAINTIFF'S ARGUMENT

In his Motion to Reconsider, Plaintiff contends that "a loss of vision, loss of teeth or filling, and a loss of hair from a lack of nutrients" constitute sufficient irreparable harm to satisfy Plaintiff's burden in seeking a preliminary injunction. (ECF No. 133 at 1.) Asserting that new evidence warrants the court to reconsider its Order, Plaintiff attaches to his motion a hematology report, which was received by the Plaintiff on April 14, 2014, in response to a discovery request. Plaintiff argues that the hematology report demonstrates the he will likely succeed on the merits. (*Id.* at 3.) Plaintiff further argues that the court did not adequately consider the value to the public interest of reducing the risk of heart attacks and strokes among inmates along with the interest in stopping the alleged ongoing "embezzlement schemes employed by public officials." (*Id.* at 2.)

---

[2] Plaintiff filed a Motion to Compel on June 10, 2014. (ECF No. 119.) Defendants Beckham, Fuller, Green, Jordan, and Samuels filed a Response on June 27, 2014 (ECF No. 121), and Plaintiff replied to the Response on July 15, 2014 (ECF No. 125). On January 26, 2015, the court accepted the August 8, 2014 Report of the Magistrate Judge (ECF No. 137), thereby denying Plaintiff's Motion to Compel as moot. (ECF No. 153.)

### III.     LEGAL STANDARD AND ANALYSIS

A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). The court finds that Plaintiff has failed to set forth any new evidence that would alter the court's decision to deny Plaintiff's motion for a preliminary injunction. Plaintiff advances a hematology report from December 14, 2013, accompanied by the medical summary from December 18, 2013, as new evidence of the alleged irreparable harm, asserting that these documents indicate abnormal levels of hemoglobin in Plaintiff's blood. However, these records provide neither context nor any explanation from a medical professional, lacking any references to what medical professionals consider to be the cause of abnormal hemoglobin levels. Plaintiff's reference to these records does not satisfy the burden of showing irreparable harm to warrant the issuance of a preliminary injunction. Thus, Plaintiff presents no new evidence that would alter the court's decision to deny Plaintiff's motion for a preliminary injunction.

Even assuming that Plaintiff presents new evidence sufficient to make a showing of irreparable harm, the remaining requirements a movant must satisfy when seeking a preliminary injunction weigh against Plaintiff. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.") Plaintiff contends that his low blood protein levels

indicated in the hematology report are "directly connected to the fact that SCDC doesn't serve iron from a lean beef meat." (ECF No. 133 at 3.) Even if the hematology report and its findings constitute new evidence, Plaintiff alleges no new facts that would draw a sufficient connection between his blood protein levels and the quality of food served by the SCDC. Thus, Plaintiff has made no showing with new evidence that he will likely succeed on the merits of his claim.

Additionally, Plaintiff asserts that the court erred by not "mention[ing] reduc[ing] heart attacks and strokes and curving the current embezzlement schemes employed by our public officials" when considering whether granting a preliminary injunction would be in the public interest. (*Id.* at 2.) Plaintiff provides no evidence, new or otherwise, substantiating these two claims. In the Order, the court recognized that it is in the public interest to abstain from becoming "enmeshed in the minutiae of prison operations." (ECF No. 129 at 5 (citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979)).) The operation and administration of the SCDC's meal program falls within the ambit of the minutiae with which the public interest counsels against interference. Plaintiff cannot show how any new evidence would adjust the balance of equities in his favor nor can he establish how granting a preliminary injunction would be in the public interest in this regard.

## IV.    CONCLUSION

Based on the aforementioned reasons, Plaintiff's Motion to Reconsider pursuant to Rule 59(e) (ECF No. 133) is **DENIED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 11, 2015
Columbia, South Carolina