# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Bernard McFadden, | ) | |
| | ) | Civil Action |
| | ) | No. 5:13-cv-02290-JMC |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Marcia Fuller, SCDC Dietician; | ) | |
| Ms. Beckham, Food Service Supervisor; | ) | |
| Ms. Jordan, Food Service Supervisor; | ) | |
| Mr. Green, Food Service Supervisor; | ) | |
| Mr. Samuels, Food Service Supervisor; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff Bernard McFadden's ("Plaintiff") Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 157), requesting the court reconsider its Order and Opinion ("Order") (ECF No. 153) entered January 27, 2015, that accepted the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 137), granted Defendants' Motion to Dismiss (ECF No. 100) with prejudice, and denied Plaintiff's various motions to compel discovery (ECF Nos. 107, 112, 113, 114, 119, 149) as moot.

## I.     RELEVANT BACKGROUND TO THE PENDING MOTION

Due to Plaintiff asserting several objections (ECF No. 141) to the Magistrate Judge's Report and Recommendation (ECF No. 137), the court conducted a *de novo* review of the Magistrate Judge's findings. (ECF No. 153 at 4-5.) In the Order, the court determined that Plaintiff did not show comparable evidence that would illustrate his condition worsened since the conclusion of a prior suit with similar claims. (*Id.* at 6 (referencing *McFadden v. Butler*, No. 3:10-03104-JMC, 2012 WL 847273 (D.S.C. Mar. 13, 2012)).) Further, Plaintiff did not show

1

any evidence that the named Defendants had any knowledge of his medical condition and were deliberately indifferent to his condition. (ECF No. 153 at 6.)

Plaintiff leveled allegations of an embezzlement scheme against Defendants Fair and Parr, who have since been dismissed from this case. (*See* ECF No. 145 at 3.) Additionally, the court found Plaintiff did not offer any sufficient evidence to support his allegations of an embezzlement scheme. (ECF No. 153 at 7-8.)

Similar to Plaintiff's second argument, the court found that Plaintiff's allegations that Defendant Fuller committed fraud is a bare and unsubstantiated accusation, which cannot survive a motion to dismiss. (*Id*. at 8.)

## II.     PLAINTIFF'S ARGUMENT

In his Motion to Reconsider (ECF No. 157), Plaintiff contends that he has sufficient proof to constitute new evidence of the relationship between his alleged lack of a nutritional diet and deteriorating health conditions. In support of this motion, Plaintiff asserts that an invoice shows "the grounded [sic] chicken [inmates are served] costs only 39 cents a pound" which is half the price of "the bologna listed on the same invoice." (*Id*. at 1.) Plaintiff also submits a Request to Staff Member Form (ECF No. 160-1) asking a medical professional for several health tests. Additionally, Plaintiff argues that Defendants' actions in failing to comply with his requests for audits are deceptive. (ECF No. 157 at 2.) Plaintiff further reiterates his allegations of fraud against Defendants. (*Id*.)

## III.    LEGAL STANDARD AND ANALYSIS

A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a

manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

Upon consideration of Plaintiff's arguments, the court finds that Plaintiff has failed to establish any intervening change in the law or new evidence that would alter the court's decision to grant Defendants' Motion to Dismiss. The court is also satisfied that no clear error of law or manifest injustice has resulted from its January 27, 2015 Order (ECF No. 153).

Plaintiff brings forth the argument that an invoice showing ground chicken at half the price of bologna supports his claim that the meat is below standard. (ECF No. 157 at 1.) However, Plaintiff has no additional evidence to support this argument that the price of poultry correlates with quality. Without additional evidence, Plaintiff cannot show that the invoice proves that SCDC does not provide food with proper nutrients nor that Plaintiff has suffered health problems as a result.

Plaintiff then directs the court's attention to a Request to Staff Member Form (ECF No. 160-1) from January 7, 2015, whereby Plaintiff argues his scaly skin condition is a result of a Vitamin C deficiency caused by lack of "daily recommended orange juice" and requests an ascorbic acid test on his urine and iron and potassium tests on his blood. (*Id.*) Staff member Dr. Byrne writes that there is "no need to test urine for ascorbic acid" but that he would check Plantiff's potassium. (*Id.*) However, the record does not indicate any relationship between Plaintiff's skin condition and lack of Vitamin C. Thus, Plaintiff has made no showing of new evidence that would alter the court's decision to grant Defendants' Motion to Dismiss.

Additionally, Plaintiff contends that the court should consider Defendants' refusal to inspect "significant and evasive." (ECF No. 157 at 2.) However, as this court previously mentioned in another Order denying a prior Motion to Reconsider (ECF No. 151 at 3), pursuant to S.C. Code Ann. § 2-15-60 (2014), Defendant has no obligation to respond to Plaintiff's

3

request for audits. Even if there were no action in response to Plaintiff's request, Plaintiff's motion fails to demonstrate that Defendants were deliberately indifferent to Plaintiff's alleged serious nutritional need.

Plaintiff continues to assert allegations of fraud and cover ups by Defendants in relation to a SCDC Kiosk with no additional evidence. The court remains unconvinced by Plaintiff's repeated assertions. Thus, Plaintiff presents no new evidence that would alter the court's decision to grant Defendants' Motion to Dismiss.

## IV.     CONCLUSION

Based on the aforementioned reasons, Plaintiff's Motion to Reconsider pursuant to Rule 59(e) is **DENIED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 21, 2015
Columbia, South Carolina